## No. 113.

### S. OTERI & BRO. *v.* HOME MUTUAL INSURANCE COMPANY.

1. Where, by the terms of an open or running policy of marine insurance, the insurance to be effected is limited to " goods and merchandise," "laden or to be laden " on shipboard, the same to be *approved* by the insurer, and to be *endorsed* on the policy, such policy will not cover anything not so laden on shipboard, nor will it attach to any property not fairly embraced within the description of " goods and merchandise."

Oteri & Bro. vs. Home Mutual Insurance Company.

2. Such a running policy is at most a promise or contract to effect future insurance, only upon shipments made in accordance therewith, and upon compliance with all the terms and conditions thereof; and such policy gives no right to the holder to apply for insurance thereunder of things different from those contemplated by and described in the instrument.

3. An application for the endorsement on such a policy of insurance on "one new sloop in tow of" a vessel, creates no obligation on the part of the insurer to accept it; and when the endorsement is not, in fact, made as demanded, there is no contract of insurance under the policy.

4. A sloop in tow is not "goods and merchandise," as contemplated by such a policy.

5. Nor is it "laden on shipboard," as the term is used in such a policy.

*Appeal from Fifth District Court. Rogers, Judge.*

*Hornor & Benedict* and *F. W. Baker* for plaintiffs, appellants. *Singleton & Brown* for defendants.

The opinion and decree in this case were delivered by E. M. Hudson, Esq., Judge *ad hoc*, sitting in the place of Rogers, judge, recused.

HUDSON, Judge *ad hoc*.—This is an action by S. Oteri & Brother against the Home Mutual Insurance Company for $1000, based upon a running or open policy of insurance. The policy is dated September 19th, 1870; it was intended to embrace " all kinds of lawful goods and merchandise, laden or to be laden" on shipboard, at invoice cost and ten per cent, as interest might appear, for account of whom it might concern, beginning the adventure from and immediately after the loading thereof on board of the vessel; but it expressly provides that the policy is made " to cover all shipments made in accordance therewith," and the insurance is declared to be " on all shipments which may be hereafter endorsed on this policy. No risk binding unless endorsed on this book or approved by assurers."

On the 26th January, 1876, the plaintiffs made application to the company for an endorsement of insurance to the amount of $1000 on this policy, of "one new sloop in tow of schooner J. Wood at and from New Orleans to Bay Islands," employing for this purpose the usual blank form proper for making application for endorsement of insurance on this policy    In

the absence of the marine clerk, the secretary of the company received the application, together with the open policy and book to which it was attached. He fixed the rate of premium at 3½ *per cent*, making $35, and inserted the same on the application, and after having endorsed on the book, "insurance on merchandise to the value of $1000 on the schooner J. Wood, from New Orleans to Bay Islands," with the specified premium, immediately returned the policy. Plaintiffs' clerk, who made out the application, and brought it with the policy to defendants' office, received the policy with the endorsement as made on the book, and took it away without any examination of the same. The stipulated premium was subsequently paid. The sloop intended to be insured was lost on the voyage at sea while in tow of the schoonor Jennie Wood, and payment of insurance therefor having been refused by the company, plaintiffs instituted this suit for recovery thereof. The answer contains a special denial that the sloop was insured, as well as certain other averments which, under the view we have taken of the case, it is not deemed necessary to state.

An examination of the policy leads us to conclude that, *of itself*, it insures nothing subsequent to its date; by its very terms it contemplates, under certain terms and conditions, the making of future insurance on shipments of lawful goods and merchandise, laden or to be laden on shipboard; it is not even an absolute contract to insure any shipments of the insured; it is, at most, a promise or contract to make insurance on shipments of certain things, goods and merchandise, *under the conditions expressed in the policy;* and, as to such future shipments, the policy was not to attach, the insurance was not to be effected, until those conditions and terms were complied with. This agreement to insure was intended to cover only goods and merchandise from the time of loading the same on shipboard until they were safely landed, for which a premium in accordance with the rules of the board of underwriters at the time of shipment was to be paid, and such insurance was, by the terms of the policy, limited not alone to *all shipments made*

*in accordance therewith,* but to such of these *as were endorsed* on the policy, and no risk was to be binding unless so endorsed or approved by the assurers.

Under such a policy, if the risk, for which application is made to the insurers, comes within the description of the policy, and the conditions of the policy are complied with, the insurers will be held; for the object and intention of making such a policy is to hold the insurers to this extent. The parties themselves can make the endorsements or fill up the blanks of the policy *only* in such a manner as to be consistent with the policy. It certainly is not obligatory on the insurers to make an endorsement, unless it be required by the policy; for the insured cannot hold the insurers beyond the requirements which they themselves have made or stipulated.

The material question then to determine is, whether or not the company was under a contract, *within any of the terms or conditions of the policy,* to insure risks of the nature of that for which application was made by the plaintiffs; for unless the contract is contained in the policy, or a special contract is shown, none exists.

No special contract, outside of this open policy for insurance of the *sloop,* has been shown, nor is there anything in the record to prove that an officer of the company had the power to bind it beyond or contrary to the terms of this policy.

In vain we have scanned this policy with a view to discover any right of the plaintiffs to demand insurance *thereunder* of the risk in question. In no sense does the subject fall within the terms of the policy. The sloop cannot, in any ordinary and usual meaning of our language, be considered goods or merchandise within the scope of the policy, and if it could be, it was not laden on board the schooner Jennie Wood, nor was it endorsed on the policy or the book attached to it, as required by the policy. Indeed, the plaintiffs had no right to require the endorsement of this risk on this policy, and yet the application in express language requested that the endorsement of *this* risk be entered on *this policy.* No authority existed in

the officer or clerk of the company, to whom the application was presented, to *change* the policy by endorsing thereon a risk not within the contemplation of the contract as made by the plaintiffs and defendants. There was, in fact, no endorsement on the policy of the risk as presented by the plaintiffs; but an entirely different risk was endorsed, one consistent with the policy itself. There was, therefore, no insurance on the sloop intended by plaintiffs to be insured. In support of these views, we cite: 1 Parsons Marine Insurance, pp. 322 to 328, inclusive; Douville *v.* Sun Mutual Insurance Company, 12 La. An. p. 259; Orient Mutual Insurance Company *v.* Wright, 23 How. p. 401; and Sun Mutual Insurance Company *v.* Wright, 23 How. p. 412.

The judgment appealed from is correct, and it is, therefore, affirmed.